CRAWLEY, Judge,
concurring specially.
Dexter was adjudged not guilty of assault by reason of mental disease or defect and committed for treatment to the Department of Mental Health and Mental Retardation. The commitment of a criminal defendant found not guilty by reason of insanity is not a commitment pursuant to a civil commitment proceeding of § 22-52-37, Ala. Code 1975, but rather is pursuant to § 15-16-43, Ala.Code 1975, and Rule 25.6, Ala. R.Crim. P.
“ ‘Under Alabama law, civil commitments and commitments of persons found not guilty by reason of mental disease or defect are governed by separate statutes. Civil commitments are handled by the probate court.’ Committee Comments, Rule 25.2, Ala. R.Crim. P. Furthermore, initiation of commitment proceedings of a criminal defendant found not guilty by reason of mental disease or defect is mandated by § 15 — 16—41 and Rule 25.2(a), not initiated by the state. Section 15-16-41 states, in part, ‘If a defendant in a criminal case is found not guilty by reason of insanity, the court shall forthwith determine whether the defendant should be held for a hearing on the issue of his involuntary commitment to the Alabama State Department of Mental Health.’ Rule 25.2(a) reads, ‘If the defendant is found not guilty by reason of mental disease or defect, or not guilty and not guilty by reason of mental disease or defect, the court shall forthwith determine whether the defendant should be held for hearing on the issue of his involuntary commitment under Rule 25.3.’ It is not the state’s responsibility, but the court’s responsibility to follow the mandates of § 15-16-41 and Rule 25.2(a) and initiate commitment proceedings.”
Ivery v. State, 686 So.2d 495, 511 (Ala.Crim.App.1996).
Dexter’s habeas petition alleging that he no longer meets the requirements for a civil commitment under § 22-52-37 was due to be dismissed because it failed to state a claim upon which relief could be granted. If Dexter has a remedy, it is pursuant to Rule 25.8, Ala. R.Crim. P., and *719 he is entitled to counsel, see § 15-16-65, Ala.Code 1975; Rule 25.9, Ala. R.Crim. P.